1
2
3
4          UNITED STATES DISTRICT COURT
5            DISTRICT OF NEVADA
6                  * * *

7    United States of America,                    Case No. 2:14-cr-00287-KJD-CWH
                                                          No. 2:17-cv-02027KJD
8                                  Plaintiff,
                                                              ORDER
9          v.

10   Andrew John Gibson,

11                                Defendant.

12       Presently before the Court is Movant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set

13   Aside, or Correct Sentence By a Person in Federal Custody (#308). The government responded

14   in opposition (#317) and Movant did not reply.

15       I.      Factual and Procedural Background

16       In 2014, a federal grand jury returned a single-count indictment charging Movant Andrew

17   John Gibson ("Gibson" or "Defendant") with Receipt or Distribution of Child Pornography, in

18   violation of 18 U.S.C. § 2252(a)(2). Gibson was detained pending trial for violating his

19   supervision requirements. After this, he asked to represent himself. Gibson underwent a

20   psychiatric evaluation to determine his competency and the doctor performing the evaluation

21   concluded he was competent to represent himself at trial. The report did provide information

22   regarding Gibson's Asperger's Syndrome, a form of Autism Spectrum Disorder.

23       While representing himself, Gibson filed numerous pretrial motions which the Court

24   dismissed. After a three-day trial, a jury convicted Gibson and he was sentenced by this Court to

25   168 months' imprisonment followed by lifetime supervised release with special conditions.

26       Gibson appealed, the Ninth Circuit affirmed his sentence, and reversed and remanded the

27   supervised release condition prohibiting him from going "any place where [he] know[s]

28   children…are likely to be," leaving Gibson the option of re-raising certain other challenges to

1    supervised release on remand. <u>United States v. Gibson</u>, 783 F. App'x. 653, 655 (9th Cir. 2019).

2    On remand, Gibson challenged the conditions specified in the remand order, as well as two

3    others. The Court re-imposed the challenged conditions, with some modifications. Gibson

4    appealed again and the Ninth Circuit affirmed. <u>See</u> <u>United States v. Gibson</u>, 998 F.3d. 415 (9th

5    Cir. 2019).

6        On September 6, 2022, Gibson filed a motion under 28 U.S.C. § 2255, asserting ineffective

7    assistance of counsel. (#308). The government opposes that motion and argues that Gibson is not

8    entitled to relief under the statute. (#317).

9        II.    <u>Legal Standard</u>

10       28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the

11   sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the

12   court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the

13   maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28

14   U.S.C. § 2255(a).

15       A criminal defendant is entitled to reasonably effective assistance of counsel. <u>See</u> <u>McMann</u>

16   <u>v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970). Counsel is presumed competent and the burden

17   rests on the defendant to establish a constitutional violation. <u>See</u> <u>United States v. Cronic</u>, 466

18   U.S. 648, 658 (1984). To obtain a reversal of a conviction, a petitioner must prove both (1) that

19   counsel's performance was so deficient that it fell below an objective standard of reasonableness,

20   and (2) that counsel's deficient performance prejudiced the defense to such a degree as to

21   deprive the defendant of a fair trial. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 692

22   (1894).

23       To establish deficient performance, a defendant must show "that counsel made errors so

24   serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

25   Amendment. <u>Id.</u> at 687. The inquiry is "whether counsel's assistance was reasonable considering

26   all the circumstances." <u>Id.</u> at 688.

27       To demonstrate prejudice, the defendant must show that, but for counsel's unprofessional

28   errors, there is a reasonable probability that the result of the proceeding would have been

different. Id. at 679.

III.    Analysis

Gibson asserts that before he represented himself, he received ineffective assistance of counsel. (#308, at 5). He argues that counsel was ineffective because (1) he was only provided with 89 pages of discovery; (2) a computer expert was promised but never hired; (3) there was no written plea deal; and (4) because counsel did not object to his request to represent himself. Id. Gibson also asserts that his indictment was fatally flawed and that he never should have been able to represent himself. Id. at 6-7. However, Gibson offers no further argument, nor any evidence, to prove that these made any difference in the outcome of his trial.

First, Gibson takes issue with his lawyer giving him 89 pages of discovery, and later receiving from the prosecution the other 400 pages a week before the trial started. Id. at 6. Gibson declares, without providing any details or dates, that this was in violation of the pre-trial document. Id. He states that "[i]f they would have provided the evidence in a timely manor [sic] there would have been a different outcome to the case." Id. However, nothing in his motion or the record indicates that this is true. Vague and conclusory allegations justify dismissing claims made by a defendant in a § 2255 motion. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).

Second, Gibson offers no evidence or substantial argument that a computer expert was promised and never hired, and that had this happened there would have been a different outcome.

Third, Gibson's issue with his counsel failing to provide a written plea deal is also meritless. "[A] defendant has no right to be offered a plea, nor a federal right that the judge accept it[.]" Missouri v. Frye, 566 U.S. 134, 148 (2012). Further, "[t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." Id. at 147. During a hearing before a magistrate judge, Gibson's former counsel told the Court "there's no firm offer on the table" and that Gibson had "made it very clear that" he was "not interested in a negotiation anymore and that he would like to represent himself[.]" (#276, at 19). He also told

1  the magistrate judge during the hearing that he would never take a deal. Id. at 23. There is no

2  evidence indicating that Gibson would have taken a deal had it been offered, there is only

3  evidence to the contrary.

4       Fourth, Gibson takes issue with the fact that he was allowed to represent himself. However, a

5  magistrate judge recommended, during a hearing, after making Gibson aware of the dangers of

6  self-representation, that he forfeit his right to self-representation and stick with counsel. (#275, at

7  6-11). After a lengthy discussion with Gibson, the magistrate judge found that Gibson

8  knowingly, intelligently, and unequivocally waived his right to counsel and would represent

9  himself. Id. at 26. Even still, Gibson was evaluated by a psychiatrist to determine if he was

10 competent to represent himself, and the psychiatrist determined that he was. (#78). Finally,

11 Gibson's counsel was present during the hearing with the magistrate judge and though he did not

12 expressly object to Gibson's request to represent himself, counsel did make the magistrate judge

13 aware of the dynamic between he and Gibson and why he believed he could effectively represent

14 Gibson with his knowledge and training in the law. (#276, at 16).

15      Lastly, the Court already rejected Gibson's pre-trial motion challenging the sufficiency of the

16 indictment. (#167). The Court held that the indictment embodied all elements of the crime and

17 that it was sufficient. Id. And as explained above, his argument that he never should have been

18 able to represent himself is misguided. Gibson has failed to satisfy his burden of proving

19 ineffective assistance of counsel. He has not demonstrated that his counsel's performance fell

20 below an objective standard of reasonableness, and even if it had, he has failed to show that it

21 prejudiced his trial in any way.

22     IV.   Certificate of Appealability

23      Finally, the Court must deny a certificate of appealability. To proceed with an appeal,

24 petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P.

25 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United

26 States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a

27 substantial showing of the denial of a constitutional right" to warrant a certificate of

28 appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

"The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Gibson has not met his burden in demonstrating that he had ineffective assistance of counsel and that it prejudiced his trial.

V.    Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#308) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:17-cv-02027-KJD, and close that case;

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

DATED this 5th day of June 2023.

Kent J. Dawson
United States District Judge